UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN ROBERT RAWLS, JR.,

    Petitioner,

v.

    CASE NO. 2:08-cv-169
    HON. ROBERT HOLMES BELL

GREG MCQUIGGIN,

    Respondent.
_____/

# REPORT AND RECOMMENDATION

Petitioner John Robert Rawls, Jr., filed this petition for writ of habeas corpus challenging his convictions for first-degree premeditated murder in violation of MCL § 750.316, possession of a firearm by a convicted felon in violation of MCL § 750.224f, and felony firearm in violation of MCL § 750.227b. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner claims:

I. The police made false statements in order to get a search warrant therefore violating Defendant's Fourth Amendment rights.

II. Trial attorney Ms. Gina Jacobs was very ineffective under the Sixth Amendment to the United States Constitution for making no attempt to suppress the illegally obtained search warrant.

> III. The trial court denied Defendant the effective assistance of counsel by not appointing new counsel when Defendant showed cause for doing so.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state

court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that his constitutional rights were violated because the police made false statements in order to obtain a search warrant, because petitioner received ineffective assistance of counsel, and because the trial court erred by not appointing new counsel.

3

Petitioner claims that he was denied his Fourth Amendment right to be free from an unreasonable search and seizure where the search was conducted pursuant to an invalid warrant. Petitioner claims that the warrant was invalid because it was based on false statements by the police. In the opinion of the undersigned, Petitioner's claim is subject to dismissal under the rule announced in *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* At 482.

In *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982), *cert. denied*, 459 U.S. 948 (1982), the Sixth Circuit interpreted *Stone* as requiring the district court to make two distinct inquiries in habeas proceedings:

> Initially, the district court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980). Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism. *See Boyd v. Mintz*, 631 F.2d 247, 250 (3rd Cir. 1980); *Gates v. Henderson*, 568 F.2d 830, 840 (2nd Cir. 1977) (*en banc*), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978).

*Id.* at 526 (footnote omitted). The record reveals no reason why petitioner would have been prevented from raising his Fourth Amendment claims in the state courts. Indeed, petitioner did have the opportunity to raise these issues in the state courts when they were rejected. Accordingly, in the opinion of the undersigned, petitioner is precluded from raising this claim under the rule announced in *Stone v. Powell*.

4

Petitioner alleges that trial counsel was ineffective for failing to attempt to suppress an illegally obtained search warrant that was based on false police statements. In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir. 1989), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 699-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions

might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

The Michigan Court of Appeals rejected petitioner's argument because petitioner could not show that counsel was ineffective given that the suppression claim was meritless:

> To prove ineffective assistance of counsel, defendant must show that his counsel's performance was deficient, and that there is a reasonable probability that, but for that deficient performance, the result of the trial would have been different. *People v. Matuszak*, 263 Mich. App. 42, 57-58; 687 N.W.2d 342 (2004). Because defendant bears the burden of demonstrating both deficient performance and prejudice, he necessarily bears the burden of establishing the factual predicate for his claim. *People v. Carbin*, 463 Mich. 590, 600; 623 N.W.2d 884 (2001).
>
> Failure to make a reasonable investigation can constitute ineffective assistance of counsel. *People v. McGhee*, 268 Mich. App. 600, 626; 709 N.W.2d 595 (2005). However, as noted above, defendant's claim that the search warrant was illegally obtained is without merit. Defense counsel is not ineffective for failing to make a meritless motion, *People v. Darden*, 230 Mich. App. 597, 605; 585 N.W.2d 27 (1998), or for failing to raise futile objections. *People v. Cox*, 268 Mich. App. 440, 453; 709 N.W.2d 152 (2005). On appeal, defendant has not only failed to establish necessary facts to show that a motion to suppress would have had merit, but he has not demonstrated that his counsel could have effectively impeached any officers with their alleged prior inconsistent statements. Because the appellate record does not support defendant's assertion of ineffective assistance of counsel, reversal is not warranted.

The Michigan Court of Appeals found petitioner's Fourth Amendment claim meritless because there was probable cause to obtain the search warrant:

> Here, even had defendant moved to suppress the evidence obtained pursuant to the search warrant on the basis that it was procured with false information, he would not have been able to show by a preponderance of the evidence that the police, knowingly and intentionally, or with reckless disregard for the truth, inserted false material into the affidavit, and that the false material was necessary to a finding of probable cause. Defendant cites generally to the police report to support his assertion, but that report is not contained

6

anywhere in the lower court record and may not be considered. MCR 7.212(C)(7). The only other support for defendant's argument is his own self-serving affidavit, averring to an almost verbatim recitation of the argument offered in the issue section of his brief. A defendant may not leave it to this Court to search for a factual basis to sustain or reject his position. *People v. Traylor*, 245 Mich. App. 460, 464; 628 N.W.2d 120 (2001). Further, the record reveals that, contrary to defendant's assertion, the challenged statements were consistent with the officer's trial testimony. Nothing in the record supports that the statements were false. Defendant's mere assertion that certain information was false and/or inconsistent with information contained in the police report is not sufficient to demonstrate that the affiant included the allegedly false material in the affidavit.

Moreover, the 911 call by a screaming woman, the fact that the telephone line was disconnected and not answered when the dispatcher called back, the noises coming from inside the house, the window shade being closed, and the family pastor's indication that defendant had recently been released from prison after serving time for a violent crime, and defendant's suspicious behavior all supported a finding of probable cause to obtain a search warrant. Thus, defendant would not have been able to prevail in a motion to suppress, *Stumpf, supra*, and he has failed to demonstrate plain error affecting his substantial rights. Accordingly, he has forfeited this issue. *Carines, supra* at 763-764.

The Sixth Amendment guarantees the right to assistance of counsel in criminal proceedings to ensure that the criminal defendant receives a fair trial. *Wheat v. United States*, 486 U.S. 153, 158-159 (1988). Petitioner has failed to show that he was represented by an ineffective advocate. The Michigan Court of Appeals' decision is supported by clearly established federal law and based on a reasonable application of the facts.

Petitioner also asserts that the court erred by refusing to appoint substitute counsel, thus abusing its discretion in denying defense counsel's motion to withdraw. The Michigan Court of Appeals rejected this claim because petitioner failed to show good cause why the trial court should have granted defense counsel's motion:

Finally, defendant argues that the trial court abused its discretion in denying defense counsel's motion to withdraw. We review for an abuse of discretion a trial court's decision regarding a motion to withdraw. *In re Withdrawal of Attorney (Cain v. Dep't of Corrections)*, 234 Mich. App. 421, 431; 594 N.W.2d 514 (1999). An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. *People v. Bauder*, 269 Mich. App. 174, 193; 712 N.W.2d 506 (2005). Appointment of substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. *Id.* Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel regarding a fundamental trial tactic. *Id.* When a defendant asserts that his assigned attorney is not adequate or diligent, or is disinterested, the trial court should hear the defendant's claim and, if there is a factual dispute, take testimony and state its findings and conclusions on the record. *Id.*

Defendant failed to demonstrate good cause why the trial court should grant defense counsel's motion to withdraw. A review of the record reveals defendant requested defense counsel file a motion to withdraw as counsel, alleging that a breakdown in the attorney/client relationship had occurred. At the hearing on the motion, defense counsel explained that defendant was not listening to her advice and had informed her that he was instead listening to the advice from his "lawyer," another inmate at the jail. Defense counsel averred that defendant was acting against her advice and in a manner that was not in his best interest. Defense counsel indicated, however, that she was prepared to go to trial on the scheduled date, which was less than two weeks away. Defendant argued that the trial court should grant defense counsel's motion to withdraw on the basis that defense counsel declined to use an alibi defense and failed to investigate and challenge the validity of the search warrant. The trial court indicated that the evidentiary issues had already been decided, and denied the motion on the basis that defendant was being adequately represented.

As noted above, defendant's contention that the search warrant was obtained on the basis of false statements was without merit, and defense counsel was not ineffective for failing to pursue the unfounded claim. Further, defendant's difference of opinion regarding his defense was not legitimate, where defense counsel made the strategic decision to refrain from pursuing an alibi defense, and to instead pursue a more plausible defense of creating reasonable doubt in the minds of the jurors. "Appointed counsel filed every

8

> appropriate pretrial motion, demonstrating dedication and commitment to defendant's case. Further, a review of the record reveals that appointed counsel was prepared and competent to represent defendant." *People v. Mack*, 190 Mich. App. 7, 14; 475 N.W.2d 830 (1991). Accordingly, the trial court did not abuse its discretion in denying defense counsel's motion to withdraw.

Petitioner is guaranteed the right to counsel at trial, however he has no constitutional right to have the attorney of his choice appointed. Petitioner has made no showing that the trial court erred by not appointing new counsel. Petitioner's claim that substitute counsel was warranted due to defense counsel's failure to challenge the validity of the search warrant is without merit.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 14, 2010