UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JOHN ROBERT RAWLS, JR.,

      Petitioner,

v.                                                                CASE NO. 2:08-CV-169

GREG MCQUIGGIN,                                  HON. ROBERT HOLMES BELL

      Respondent.
_____/


## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner John Robert Rawls, Jr.'s petition for

a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. No. 1.) The government filed an

answer to this petition on February 2, 2009. On June 30, 2010, Magistrate Judge Timothy

P. Greeley issued a report and recommendation ("R&R") recommending that Petitioner's

petition be denied. (Dkt. No. 42.) Petitioner filed objections to the R&R on July 8, 2010.

(Dkt. No. 43.) This Court must review de novo those portions of the R&R to which specific

objection has been made, and may accept, reject, or modify any or all of the Magistrate

Judge's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner first objects to the determination in the R&R that his constitutional rights

were not violated when the police searched his home pursuant to a warrant that was allegedly

based on false statements and thus invalid. According to *Stone v. Powell*, 428 U.S. 465

(1976), "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Id.* at 482. The Sixth Circuit has held that the determination of whether the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim requires a two-pronged inquiry. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). First, the district court must determine "whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim." *Id.* at 526. Second, the district court must determine "whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id.*

Michigan courts clearly provide a mechanism for adjudication of Fourth Amendment exclusionary rule claims through motions to suppress. Indeed, Petitioner utilized this mechanism when he moved to suppress the evidence resulting from the search, albeit on different grounds than those alleged herein regarding a false statement supporting a warrant. *See Abdul-Mateen v. Hofbauer*, No. 93-2323, 2000 WL 687653, at *4 (6th Cir. May 19, 2000) ("The hearing held by the trial court is evidence that Michigan provides a procedural mechanism for addressing Petitioner's Fourth Amendment claim."). Thus, the issue is whether there was a "failure of [this] mechanism." Petitioner argues that there was a failure of this mechanism because his counsel was ineffective for failing to move to suppress on account of the allegedly false statements. The Court does not rule out the possibility that an

2

attorney's failure to take advantage of a mechanism provided by the state could constitute a failure of that mechanism. In this sense, Petitioner's Fourth Amendment claim is tied directly to his claim that his counsel was ineffective for failing to move to suppress the fruits of the search on the ground that the warrant was obtained by the use of false statements, a claim to which the Court now turns.

To prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness, and that it prejudiced Petitioner. *Strickland v. Washington*, 466 U.S. 668 (1984). Counsel's failure to move to suppress evidence is not objectively unreasonable if the motion would have been futile. A challenge to a search warrant containing false statements will be successful only if the false statements are *necessary* to a finding of probable cause. *United States v. Atkin*, 107 F.3d 1213, 1216-17 (6th Cir. 1997) (quoting *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) and *United States v. Campbell*, 878 F.2d 170, 171 (6th Cir. 1989)). In this case, the allegedly false statements, contained in Section 3(E) of the warrant, were not necessary to a finding of probable cause. The remaining allegations in the warrant — that a dead body was found inside the home, that a woman could be heard screaming, that the 911 call was disconnected, that "muffled bangs" could be heard coming from the house, and that Petitioner was in the house when the incident occurred — are more than sufficient in themselves to support a finding that police had probable cause to obtain a warrant to search the home. (*See* Dkt. No. 1 Ex. 2.) Because a motion to suppress on the ground that the

3

warrant contained false statements would have been futile, Petitioner's counsel was not ineffective for failing to move to suppress on this basis. In addition, because Petitioner's counsel was not ineffective for failing to move to suppress, there was no failure of the state mechanism allowing for full and fair litigation of a Fourth Amendment claim. Petitioner was given a full and fair opportunity to raise his Fourth Amendment claim in the state court. The rule announced in *Stone v. Powell* bars the claim in this habeas proceeding. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (Dkt. No. 43) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (Dkt. No. 42) is **APPROVED** and, combined with the discussion set forth herein, **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's petition under 28 U.S.C. § 2254 (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


DATED:  July 31, 2010         /s/ Robert Holmes Bell
                              ROBERT HOLMES BELL
                              UNITED STATES DISTRICT JUDGE